A. R. MILLETT, appellant,

*vs.*

80 427
ƒ93 130

COUNTY COMMISSIONERS OF FRANKLIN COUNTY.

Franklin.    Opinion June 23, 1888.

*Way. Practice.*

When, on appeal, the judgment of county commissioners, locating a highway has been affirmed and the proceedings duly closed and recorded, the commissioners may, within the three years allowed for making and opening the way, entertain a petition praying for its discontinuance.

ON exceptions.

The opinion states the case.

*George Walker*, for appellants.

The only way to defeat a location during the pendency of proceedings and before it is opened for the public travel, is by motion in the appellate court, or by *certiorari*, the remedies given by statute. All the parties to the proceeding are bound by the judgment of the appellate court.

A change in membership of the court of county commissioners released the court from no obligations, nor gave it any new powers under the statute. The court continues the same though its members may change in whole or in part between 1882 and 1886. The order of the appellate court is to the court or board of county commissioners and not to its members, and the inferior court must obey or be in contempt. The court speaks through its record, either to obey or disobey. We cite in support of the foregoing: *Irving* v. *Co. Commissioners Sagadahoc Co.* 59 Maine, 515 ; *Harriman* v. *Co. Com.* 53 Maine, 83 ; *White* v. *Co. Com.* 70 Maine, 328 ; *Smith* v. *Co. Com.* 42 Maine, 401.

*Joseph C. Holman*, for the appellee, cited : 2 Met. 559 ; R. S., c. 18, § § 7, 10, 36.

VIRGIN, J.   The county commissioners, on due proceedings had, seasonably placed on file for inspection, at their December

term, 1882, their return of the location of the highway prayed for, therein allowing three years for making and opening the way.

The two towns, in which the way was located, seasonably appealed. The report of the committee duly accepted and judgment thereon entered, affirmed in whole the judgment of the commissioners, and the judgment of the appellate court was duly certified to the commissioners, at whose December term, 1883, the proceedings were duly closed and recorded.

In June, 1886, before the expiration of the three years allowed for making and opening the way, the same towns filed a petition in the court of county commissioners praying for a discontinuance of the way theretofore located. At the time and place of hearing, the original petitioners for the way appeared and filed objections to any action of the commissioners in the premises. The objections were overruled and the commissioners made their return discontinuing the way. Thereupon the original petitioners appealed, entered their appeal and filed a motion to dismiss the petition for discontinuance on the ground of want of jurisdiction of the commissioners. The presiding justice overruled the motion and the original petitioners (appellants) alleged exceptions.

The question, therefore, is : When, on appeal, the judgment of county commissioners locating a highway has been affirmed in whole and the proceedings duly closed and recorded, can the commissioners, within the three years allowed for making and opening the way, entertain a petition praying for a discontinuance of the same way?

We are of opinion that they can. If, on appeal, the judgment of the commissioners had been reversed, "no petition praying, substantially, for the same thing, could be entertained by them for two years thereafter." R. S., c. 18, § 50. That limitation does not apply when the judgment, as here, was affirmed; and even if it did, more than two years had elapsed before the filing of the petition for discontinuance.

When the proceedings on the original petition for location were closed, the located way became an established fact. *Hallock* v. *Franklin*, 2 Met. 559. And in the absence of any

statutory limitation relating thereto, we perceive no legal objection to the commissioners. entertaining a petition for the discontinuance of a legally located highway, at any time after the location has become an established fact. "The subsequent discontinuance of the highway, whether very soon after it has been established by the adjudication, or after a long lapse of time, is a new, substantive, distinct, official act. It does not rescind nor annul the former proceeding, but it assumes its continued existence as the basis of the discontinuance." SHAW, C. J., in *Hallock* v. *Franklin. supra.* The idea of the discontinuance of a highway after location and before opening is recognized also in *Westbrook* v. *North*, 2 Maine, 179. Moreover, many various changes of circumstances suggest themselves which would warrant a discontinuance without waiting for the needless expenditure of building the new way.

The appellants invoke the peremptory language of R. S., c. 18, § 50; "In all cases the commissioners shall carry into full effect the judgment of the appellate court in the same manner as if made by themselves." The particular force of this provision is not so significant when, as in the case in hand, the judgment of the commissioners and that of the appellate court are the same, as when the former is reversed, in whole or in part, by the latter. But when the judgment of the appellate court was received by the commissioners, spread upon their record and the judgment made up accordingly and recorded, they had then "carried it into full effect in the same manner as if made by themselves."

But it is suggested that it was their duty to see to it that the towns liable therefor opened and made passable the located way within the time allowed to them, three years. But the power to cause the way to be opened is not a part, or a continuation of their duty to locate, and which their board can exercise *suo motu.* Such action can be set in motion only by a distinct process, "on a petition of those interested," and "on a notice to the town," which has neglected its duty in the premises. R. S., c. 18, § 37. *Woodman* v. *Somerset Co.* 25 Maine, 300.

If it be said that under such an administration of the law, a highway can never be made in a town which was opposed to it,

if its inhabitants can connive with the commissioners to locate in the first instance and then discontinue before the time for opening expires. One answer is, the right of appeal will correct such errors. Another is, the office of county commissioner is a public trust and the presumption is the incumbents will honestly perform their duty. And still another is the legislature may limit the time within which a located way may be discontinued.

*Exceptions overruled.*

PETERS, C. J., WALTON, LIBBEY, FOSTER and HASKELL, JJ., concurred.